IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SUPERIOR INTEGRATED SOLUTIONS, INC., ) | CASE NO. 3:09-CV-314 |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Thomas M. Rose |
| ) | |
| THE REYNOLDS AND REYNOLDS ) | |
| COMPANY ) | Magistrate Judge Sharon L. |
| ) | Ovington |
| Defendant. ) | |
| ) | |

DEFENDANT REYNOLDS & REYNOLDS, INC'S
PARTIAL MOTION TO DISMISS

Defendant Reynolds & Reynolds, Inc. ("Reynolds"), by its attorneys, respectfully moves

this Court pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for dismissal of Count III of

Plaintiff Superior Integrated Systems, Inc.'s ("SIS") Original Complaint.   In support of this

motion, Reynolds states as follows:

1.      Count III of SIS's Original Complaint seeks damages for alleged breaches of

contract by Reynolds.  The parties' contract – the Reynolds Interface Agreement (the "RIA") –

which is attached in draft form as Exhibit A to SIS's Complaint, unambiguously limits SIS's

damages to the amount it has paid under the contract.  SIS Complaint (Docket No. 1), Ex. A, p.

10, ¶ 8 (b) (all capitalized in original).  "In Ohio, damages are an essential element of a plaintiff's

claim for breach of contract." *Anchor v. O'Toole*, 94 F.3d 1014, 1020 (6th Cir. 1996); *Doner v.*

*Snapp*, 649 N.E.2d 42, 44 (Ohio Ct. App. 1994).   Because SIS has not alleged the essential element of compensable damages, its claim for breach of contract must fail.   For these and the additional reasons set forth in Reynolds' Memorandum in Support of this Partial Motion to Dismiss, Reynolds respectfully moves that the Court dismiss Count III (Breach of Contract) of SIS's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  September 11, 2009

Respectfully submitted,

/s/James H. Greer
David C. Greer, Trial Attorney (0009090)
James H. Greer, Trial Attorney (0046555)
Bieser, Greer & Landis LLP
400 National City Center
6 North Main Street
Dayton, Ohio  45402-1908
Tel:  937.223.3277
Fax:  937.223.6339

GIBBS & BRUNS, L.L.P.
Grant J. Harvey, *pro hac pending*
Aundrea K. Frieden, *pro hac pending*
Angus J. Dodson, *pro hac pending*
1100 Louisiana, Suite 5300
Houston, Texas  77002
Tel:  713.650.8805
Fax:  713.750.0903

ATTORNEYS FOR DEFENDANT,
THE REYNOLDS AND REYNOLDS COMPANY

## MEMORANDUM OF LAW

Defendant Reynolds & Reynolds, Inc. ("Reynolds"), by its attorneys, respectfully files this Memorandum of Law in support of its Partial Motion to Dismiss Count III (Breach of Contract) of Superior Integrated Solutions' ("SIS") Complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).  In support of this motion, Reynolds states as follows:

## I.     INTRODUCTION

It is little wonder SIS seeks to have this Court judicially create a renewed contract between SIS and Reynolds.  To date, SIS has never paid a single dollar to Reynolds pursuant to the agreement at the heart of SIS's lawsuit.  Although it seeks by this action to obtain benefits never contemplated by the parties' contract, SIS does not, because it cannot, allege to have ever paid any consideration for them.  The parties' contract – the Reynolds Interface Agreement (the "RIA") – attached in draft form as Exhibit A to SIS's Complaint, unambiguously limits SIS's damages to the amount it has paid under the contract.  SIS Complaint (Docket No. 1), Ex. A, p. 10, ¶ 8 (b) (all capitalized in original).  "In Ohio, damages are an essential element of a plaintiff's claim for breach of contract." *Anchor v. O'Toole*, 94 F.3d 1014, 1020 (6th Cir. 1996); *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio Ct. App. 1994).  Because SIS has not alleged the essential element of compensable damages, its claim for breach of contract must fail.  Therefore, Reynolds respectfully makes this limited motion for dismissal of Count III (Breach of Contract) of SIS's Complaint.

## II.    STANDARD OF REVIEW

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed state a claim upon which relief can be granted.  *See also* Fed. R. Civ. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering a motion to dismiss, "[t]he

3

court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *see also In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993).   However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations removed and alterations removed, quoting *Papasan v. Allain,* 478 U.S. 265, 286, (1986)); *see also Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).   Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555, and to "state a claim to relief that is plausible on its face[.]" *Id.* at 570; *see also Iqbal,* 129 S.Ct. 1937, 1949-50. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

    At the motion to dismiss stage, the Court can "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Zibbell v. Michigan Dept. of Human Services*, 313 Fed. Appx. 843, 846 (6th Cir. 2009).   Further, it is well established that "it is not proper to assume the [plaintiff could] prove facts [he] had not alleged or that the defendants had violated applicable laws in ways that had not been alleged. *See Cline*, 87 F.3d at 184 (quoting *Associated Gen. Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983)).

Because this case is brought in diversity under a contract adopting Ohio law, the Court must apply the substantive law of Ohio to this case. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938); *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007).

## III. ARGUMENT: SIS HAS NOT STATED A CLAIM FOR BREACH OF CONTRACT ON WHICH RELIEF MAY BE GRANTED

### A. Compensable Damages Are an Essential Element of Count III: Breach of Contract

It is axiomatic that to survive a motion to dismiss, SIS must allege each element of its claims. *See, e.g., Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re Keithley Instruments, Inc., Derivative Litigation*, 599 F. Supp. 2d 875, 888 (N.D. Ohio 2008) ("To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege either direct or inferential allegations regarding all of the material elements necessary to sustain recovery under some viable legal theory.").

Compensable damages are an essential element of a breach of contract claim that must be pleaded and supported by competent evidence. *DeCastro v. Wellston City School Dist. Bd. of Edn.*, 761 N.E.2d 612, 617 (Ohio 2002); *Lawrence v. Lorain Cty. Community College*, 713 N.E.2d 478, 480 (Ohio Ct. App. 1998); *Garofalo v. Chicago Title Ins. Co.*, 661 N.E.2d 218, 226 (Ohio Ct. App. 1995). Because SIS has not, and cannot plead compensable damages, Count III for breach of contract must be dismissed.

### B. The RIA on which SIS Relies for its Breach of Contract Claim Limits Damages

SIS relies solely on the RIA for its breach of contract claim. SIS Complaint at 11, ¶ 60. In the RIA, SIS contracted expressly to limit damages to the amount paid by SIS "to Reynolds for the Interface." SIS Complaint, Ex. A, p. 10, ¶ 8. Pursuant to the plain terms of the RIA:

(a)   NO CONSEQUENTIAL DAMAGES.  EXCEPT FOR BREACH OF CONFIDENTIALITY AND OR INTELLECTUAL PROPERTY INDEMNIFICATION, NO PARTY TO THIS AGREEMENT WILL HAVE LIABILITY TO THE OTHER PARTY OR ANY THIRD PARTY FOR SPECIAL, INCIDENTAL, INDIRECT, EXEMPLARY, AND CONSEQUENTIAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS, GOODWILL OR SAVINGS, DOWNTIME, DAMAGE TO OR REPLACEMENT OF INTERFACE AND DATA) **ARISING FROM CLAIMS BASED IN** WARRANTY, **CONTRACT,** TORT (INCLUDING NEGLIGENCE) STRICT TORT, OR OTHERWISE, EVEN IF THE PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH CLAIM OR DAMAGE.

(b)   DIRECT DAMAGES.  WITH THE EXCEPTION OF BREACH OF CONFIDENTIALITY, WARRANTIES, INTELLECTUAL PROPERTY INDEMNIFICATION, PERSONAL INJURY OR REAL PROPERTY DAMAGES - EACH OF WHICH HAS NO LIMITATION, **EACH PARTY'S LIABILITY FOR DIRECT DAMAGES TO THE OTHER PARTY WILL NOT EXCEED THE ACTUAL AMOUNT PAID BY DISTRIBUTOR TO RENOLDS FOR THE INTERFACE**.

SIS Complaint, Ex. A at p. 10, ¶ 8(a)-(b) (emphasis added; all capitals in original); *see also Kellie Auto Sales, Inc. v. Rahbars & Ritters Enters., L.L.C.*, 876 N.E.2d 1014, 1019 (Ohio Ct. App. 2007) ("Common words in a written contract will be given their ordinary meaning unless manifest absurdity results or unless some other meaning is clearly evidenced from the face or overall content of the contract."); *Alexander v. Buckeye Pipe Line Co.*, 374 N.E.2d 146, 150 (Ohio 1978).  Thus, pursuant to the plain terms of the contract on which SIS relies, SIS's only compensable damages for its breach of contract claim may "not exceed the actual amount paid by [SIS] to Reynolds for the Interface."  SIS Complaint, Ex. A at p. 10, ¶ 8(b).

### C.   SIS Has Not Plead Compensable Damages

Although the plain terms of the contract on which it relies set forth expressly the damages available in a breach of contract claim, SIS fails to plead any such damages.  Neither in its statement of Count III (*see* SIS Complaint at 11) nor anywhere in its Complaint (*see generally* SIS Complaint) does SIS allege that it ever paid *any* amount to Reynolds for the Interface.

6

Taking its allegations in its favor, SIS has nevertheless failed to allege any damages that do not "exceed the actual amount paid by [SIS] to Reynolds for the Interface." SIS Complaint, Ex. A at p. 10, ¶ 8(b).

SIS has failed to allege (nor could it allege) any compensable damages for its breach of contract claim. Because this essential element of damages is lacking, SIS has not pleaded a claim for damages upon which relief can be granted. *See Found. for Interior Design Educ. Research v. Savannah Coll. of Art & Design,* 244 F.3d 521, 530 (6th Cir.2001); *see also Cline*, 87 F.3d at 184 (in deciding a motion to dismiss under Rule 12(b)(6), it is not proper to assume the plaintiff could prove facts he had not alleged or that the defendants had violated applicable laws in ways that had not been alleged" (citation and quotations omitted)). Accordingly, Reynolds is entitled to dismissal of Count III of SIS's Complaint.

## IV.    PRAYER FOR RELIEF

Because SIS has not pleaded an essential element of its claim for breach of contract, Reynolds respectfully requests Count III of SIS's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  September 11, 2009

Respectfully submitted,

/s/James H. Greer
David C. Greer, Trial Attorney (0009090)
James H. Greer, Trial Attorney  (0046555)
Bieser, Greer & Landis LLP
400 National City Center
6 North Main Street
Dayton, Ohio  45402-1908
Tel:  937.223.3277
Fax:  937.223.6339

GIBBS & BRUNS, L.L.P.
Grant J. Harvey, *pro hac pending*
Aundrea K. Frieden, *pro hac pending*
Angus J. Dodson, *pro hac pending*
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel: 713.650.8805
Fax: 713.750.0903

ATTORNEYS FOR DEFENDANT,
THE REYNOLDS AND REYNOLDS COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion to Dismiss was served on counsel for the Plaintiff Superior Integrated Systems, Inc., as identified below, by electronic mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) this 11th day of September, 2009.

Keven Drummond Eiber
keiber@brouse.com
Anastasia J. Wade
awade@brouse.com
BROUSE MCDOWELL
1001 Lakeside Avenue, Suite 1600
Cleveland, Ohio 44114-1151
Tel: (216) 830-6816
Fax: (216) 830-6807

Barry Buchman
buchmanb@gotofirm.com
Gilbert LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Tel: (202) 772-2305
Fax: (202) 772-2307

/s/James H. Greer