UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SUPERIOR INTEGRATED SOLUTIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:09-cv-314 |
| | ) | |
| v. | ) | Judge Thomas M. Rose |
| | ) | |
| THE REYNOLDS AND REYNOLDS COMPANY | ) | Magistrate Judge Sharon L. Ovington |
| | ) | |
| Defendant | ) | |
| | ) | |

**SUPERIOR INTEGRATED SOLUTIONS' ANSWER TO
THE REYNOLDS AND REYNOLDS COMPANY'S COUNTERCLAIMS**

Plaintiff Superior Integrated Solutions ("SIS"), by and through its attorneys of record, files this Answer to Defendant The Reynolds and Reynolds Company's ("Reynolds") Counterclaim.

**I.   ANSWER**

1. SIS lacks knowledge or information sufficient to form a belief as to whether Reynolds systems are "proprietary," and thus SIS denies that allegation. SIS admits the remainder of the allegations in Paragraph 1.

2. SIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and thus SIS denies those allegations.

3. SIS denies the allegations in Paragraph 3.

4. SIS denies the allegations in Paragraph 4.

5.  SIS admits that it and Reynolds entered into the Reynolds Interface Agreement ("RIA") on September 21, 2006.  SIS denies the remainder of the allegations in Paragraph 5.

6.  SIS admits that the RIA identifies fees for the Interface as "TBD."  SIS denies the remainder of the allegations in Paragraph 6, which contain legal characterizations of the effects of the RIA.

7.  SIS denies the allegations in Paragraph 7.

8.  SIS denies the allegations in paragraph 8 in that they purport to characterize the parties' legal rights and obligations under the RIA.

9.  SIS admits that the parties continued using its eData product upon inception of the RIA.  SIS denies the remaining allegations in Paragraph 9.

10. SIS denies the allegations in Paragraph 10 in that they consist of a legal argument.

11. SIS denies the allegations in Paragraph 11 in that they assert that the main provisions of the RIA do not affect the parties' rights and obligations.

12. SIS denies the allegations in Paragraph 12 in that they assert that the main provisions of the RIA do not affect the parties' rights and obligations.

13. SIS denies the allegations in Paragraph 13 in that they assert that the RIA unambiguously provides for a 3-year term.

14. SIS admits that the RIA expires on September 21, 2009, subject to a wind-down period as asserted by SIS.

15. SIS admits that on January 19, 2009, Reynolds told SIS that it would not renew the RIA on the same terms.  SIS denies that it had notice that the RIA relationship would not continue.

16. SIS denies the allegations in Paragraph 16, and incorporates its answer to Paragraph 14.

17. SIS admits that the RIA includes a wind-down period. SIS denies the remainder of the allegations in Paragraph 17.

18. SIS denies the allegations in Paragraph 18 in that they imply that SIS could not enter into contracts with application providers that extend beyond September 21, 2009.

19. SIS incorporates its responses to Paragraphs 14 and 16.

20. SIS denies the allegations in Paragraph 20.

21. SIS denies the allegations in Paragraph 21.

22. SIS denies the allegations in Paragraph 22.

23. SIS denies the allegations in Paragraph 23, in that they consist of a legal argument.

24. SIS denies the allegations in Paragraph 24, in that they consist of a legal argument.

25. SIS denies the allegations in Paragraph 25, in that they consist of a legal argument.

26. SIS denies the allegations in Paragraph 26, in that they consist of a legal argument.

27. SIS denies the allegations in Paragraph 27, in that they consist of a legal argument.

28. SIS denies the allegations in Paragraph 28.

29. SIS admits that Reynolds accurately has quoted § 5(a) of the RIA.

30. SIS admits that Reynolds accurately has quoted § 6 of the RIA.

31. SIS admits that the invalid damage limiting provisions of the RIA do not purport to apply to breaches of the confidentiality provisions.

32. SIS admits that, per the express terms of the RIA, it has filed its pleadings in this Court.

33. SIS denies the allegations in Paragraph 33.

34. SIS admits that it is a member of Open Secure Access. SIS denies the remainder of the allegations in Paragraph 34.

35. SIS denies the allegations in Paragraph 35.

36. SIS denies the allegations in Paragraph 36.

37. SIS denies the allegations in Paragraph 37.

38. SIS denies the allegations in Paragraph 38.

39. SIS denies the allegations in Paragraph 39.

40. SIS denies the allegations in Paragraph 40 and alleges that it provided Reynolds information about all end user contracts and their renewal provision.

41. Paragraph 41 asserts conclusions of law to which no response is required.

42. SIS incorporates its responses to Paragraphs 14 and 16.

43. SIS admits that it believes the RIA requires a wind-down.

44. SIS denies the allegations in Paragraph 44.

45. SIS denies the allegations in Paragraph 45.

46. SIS denies the allegations in Paragraph 46.

47. SIS admits the allegations in Paragraph 47.

48. SIS admits the allegations in Paragraph 48.

49. Paragraph 49 asserts conclusions of law to which no response is required.

50. Paragraph 50 asserts conclusions of law to which no response is required.

51. Paragraph 51 asserts conclusions of law to which no response is required.

52. SIS denies the allegations in Paragraph 52.

53. SIS denies the allegations in Paragraph 53.

## II. AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of the claims fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

Reynolds has failed to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure, as certain matters have not been pled with the requisite particularity.

## THIRD DEFENSE

Some of all of the claims are barred by the doctrines of laches and unclean hands.

## FOURTH DEFENSE

Reynolds has failed to mitigate its damages, if any.

## FIFTH DEFENSE

Reynolds' recovery, if any, should be reduced by Reynolds' contributory or comparative negligence or fault.

## SIXTH DEFENSE

Some or all of the claims are moot.

## SEVENTH DEFENSE

Some or all of the claims are barred by the doctrine of privilege.

## EIGHTH DEFENSE

Some or all of the claims are barred by the doctrines of estoppel, waiver, or consent.

## NINTH DEFENSE

Reynolds has failed to satisfy contractual conditions precedent.

1276/001/1122956.1

October 8, 2009                                                  Respectfully submitted,

                                                                       /s/ Anastasia J. Wade
Keven Drummond Eiber (0043746)
keiber@brouse.com
Anastasia J. Wade (0082797)
awade@brouse.com
BROUSE MCDOWELL
1001 Lakeside Avenue, Suite 1600
Cleveland, Ohio 44114-1151
Tel: (216) 830-6816
Fax: (216) 830-6807


Of Counsel:
Barry I. Buchman (*pro hac vice*)
buchmanb@gotofirm.com
Gilbert LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Tel: (202) 772-2305
Fax: (202) 772-2307

6

1276/001/1122956.1

CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2009 a copy of foregoing Superior Integrated Systems' Answers to The Reynolds & Reynolds Company's Counterclaims was filed electronically through the Court's Electronic Filing System. Parties may access this document through the Court's System. In addition, on October 8, 2009, the foregoing were served on counsel for defendant The Reynolds and Reynolds Company, as identified below, by electronic mail pursuant to the written agreement of the parties.

| | |
|---|---|
| Grant Harvey | David C. Greer |
| Aundrea K. Frieden | James H. Greer |
| Angus Dodson | Bieser, Greer & Landis LLP |
| Gibbs & Bruns LLP | 400 National City Center |
| 1100 Louisiana, Suite 5300 | 6 North Main Street |
| Houston, Texas 77002 | Dayton, Ohio 45402 |

/s/  Anastasia J. Wade
Anastasia J. Wade (0082797)

Attorney for Superior Integrated Solutions, Inc.

1276/001/1122956.1