UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SUPERIOR INTEGRATED SOLUTIONS,
INC.,

        Plaintiff,

-v-

THE REYNOLDS AND REYNOLDS
COMPANY,

        Defendant.

Case No. 3:09-cv-314

Judge Thomas M. Rose

_____

**ORDER REQUIRING REYNOLDS TO PLACE SIS'S VOC ENTRIES BACK INTO THE APPROPRIATE VOC FILE NOT LATER THAN 48 HOURS AFTER ENTRY OF THIS ORDER; REQUIRING REYNOLDS TO FURTHER REFRAIN FROM REMOVING ANY SIS CODE FROM DEALER SYSTEMS WITHOUT DEALER APPROVAL AND GRANTING IN PART AND OVERRULING IN PART SIS'S URGENT MOTION FOR AN ORDER TO SHOW CAUSE (Doc. #30)**
_____

      Now before the Court is Plaintiff Superior Integrated Solutions, Inc.'s ("SIS's") Urgent Motion for an Order To Show Cause. (Doc. #30.) Defendant The Reynolds& Reynolds Co. ("Reynolds") has responded and SIS has replied. A hearing on SIS's Motion was conducted on October 8, 2009, at which both Parties presented argument and evidence.

      SIS seeks an immediate order directing Reynolds to show cause as to why it should not be held in contempt for violating this Court's Order dated September 23, 2009 (the "September 23rd Order," doc. #26) and the Clarification thereto issued at Reynold's request on September 25, 2009 (the "September 25th Order," doc. #28). The September 23rd Order states that, "Reynolds has represented to the Court that it will not disable SIS's software on dealer management systems without dealer approval." Footnote 1 of the September 23rd Order states that, "[h]ere again, the Court notes that Reynolds has represented to the Court that it will not remove SIS's software

from its Dealer Management Systems unless the Dealer asks it to do so."

What was actually represented to the Court is found in the transcript of a telephonic Hearing conducted on September 21, 2009, on SIS's Motion for a Temporary Restraining. During this telephonic Hearing, Reynolds counsel said, "I will tell the Court right now that unless a dealership - - and again we have contract with these dealers - - unless a dealership tells us that you can go ahead and remove that code, we won't remove the code."

The September 25th Order, at Reynolds' request, clarified the September 23rd Order. The September 25th Order indicates that Reynolds represented to the Court that it will not remove SIS's software from Reynolds' dealer's computers without dealer approval. The September 25th Order further indicates that no statement was made by Reynolds' counsel regarding the disabling of SIS's software by other means.

Following issuance of the September 25th Order, on September 30 and/or October 1, 2009, Reynolds removed entries created by SIS from the VOC file. Both Parties agree that the VOC file is Reynold's property. The VOC file enables the underlying operating platform, a program known as UniVerse, to locate executable files and data files. The VOC entries created by SIS were moved to another location which Reynolds refused to identify. Thus, the dealers are unable to use any of the SIS computer programs that are on the dealer's computer systems.

SIS now seeks an immediate order directing Reynolds to show cause as to why it should not be held in contempt for violating this Court's September 23rd and September 25th Orders. The resolution of the instant matter turns on whether the VOC entries that were moved were SIS property and whether they were "code" that Reynolds agreed that it would not remove.

The Parties do not dispute that the VOC entries relating to SIS's software were placed in

the VOC files by SIS. Also, although Reynolds argues otherwise, based upon the testimony presented at the October 8th Hearing, the VOC entries are "code," at least in the context of the "code" that Reynolds agreed to not remove, and the VOC entries are SIS's property. Further, moving SIS's VOC entries to an undisclosed location is the same as removing them from the dealer systems. Finally, Reynolds has acknowledged that it did not have permission from the dealers to remove SIS's VOC entries. Therefore, Reynolds has not acted in accordance with the representations that it made to this Court.

Reynolds offers two responses to SIS's request for a show cause order. Reynolds first argues that, as a matter of law, it cannot be held in contempt because it did not violate any order of this Court. This argument is, at best, disingenuous. Both the September 23rd and September 25th Orders clearly indicate that Reynolds would not be removing SIS's code without dealer approval. These Orders thus had a binding effect on Reynolds. This was an important enough issue that Reynolds sought immediate clarification thereof.

Reynolds' other argument is that its actions have been entirely consistent with the statements made by its counsel during the September 21st telephonic Hearing. Specifically, Reynolds argues that is "has not removed a single file or a single line of SIS's code from the DMS." However, as determined above, this argument too is not well founded.

SIS's Urgent Motion for an Order To Show Cause (doc. #30) is GRANTED IN PART AND OVERRULED IN PART. Since time seems to be of the essence for SIS, rather than issue a show cause order, **Reynolds is hereby given until not later than 48 hours after entry of this Order to place SIS's VOC entries back into the appropriate VOC file and to further refrain from removing any SIS code from dealer systems without dealer approval.** Failure

to comply with this Order may result in sanctions. The Court declines to order any sanctions, including attorneys' fees, at this time.

Finally, Reynolds filed a Motion for Leave To File A Sur-Reply. (Doc. #35). This motion was denied at the close of the Hearing on SIS's Urgent Motion for an Order To Show Cause.

**DONE** and **ORDERED** in Dayton, Ohio this 12th day of October, 2009.

*S/THOMAS M. ROSE

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record