UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SUPERIOR INTEGRATED SOLUTIONS,
INC.,

   Plaintiff,

-v-

THE REYNOLDS AND REYNOLDS
COMPANY,

   Defendant.

Case No. 3:09-cv-314

Judge Thomas M. Rose

_____

**ENTRY AND ORDER OVERRULING REYNOLD'S PARTIAL MOTION
TO DISMISS (Doc. #17)**
_____

  This matter arises from a business relationship between Plaintiff Superior Integrated Solutions, Inc. ("SIS") and Defendant Reynolds & Reynolds, Inc. ("Reynolds"). Count I of SIS's Complaint, filed on August 18, 2009, is for a declaratory judgment regarding the terms of the Reynolds Interface Agreement ("RIA"). Count II is for injunctive relief. Count III is for breach of the RIA. Count IV is for tortious interference with business relationships. Count V is for tortious interference with contract and Count VI is for unfair or deceptive trade practices.

  On September 4, 2009, the Court entered an Agreed Temporary Restraining Order ("TRO") regarding abatement of the application of Reynolds' August 1, 2009 security patch. (Doc. #8.) This agreed TRO expired on September 21, 2009. Following briefing and a hearing, the Court, on September 23, 2009, declined to enter a TRO preserving the status quo pending a preliminary injunction hearing. (Doc. #26.) Next, pursuant to SIS's Motion for an Order to Show Cause, Reynolds was ordered to place SIS's VOC entries back into the appropriate VOC file and to further refrain from removing any SIS code from dealer systems without dealer approval.

(Doc. 37.)

In the midst of all of this injunctive activity, Reynolds filed the Partial Motion To Dismiss (doc. #17) pursuant to Fed. R. Civ. P. 12(b)(6) that is now fully briefed and ripe for decision. The standard of review will first be set forth followed by an analysis of the Motion.

## STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)). Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004) Further, for purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. However, the factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at 1965(citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed.

2004)). The factual allegations in the complaint, even if doubtful in fact, must do something more than merely create a suspicion of a legally cognizable right. *Id.*

Also, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996). The Court "need not accept as true legal conclusions or unwarranted factual inferences*.*" *Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987). Put another way, bare assertions of legal conclusions are not sufficient. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*; see also Wright & Miller, *supra*, §1357.

**ANALYSIS**

Reynolds seeks to dismiss Count III of SIS's Complaint which is for breach of contract. Reynolds argues that Count III should be dismissed because the RIA limits SIS's damages to the amount it has paid under the RIA and SIS has paid nothing under the RIA.

SIS responds that the damages provision at issue is a liquidated damages provision and is, therefore, not valid because it bears no relation to the damages that could foreseeably flow from a breach of the RIA. SIS also argues that the damages provision at issue is not applicable because SIS has alleged that Reynolds intentionally breached the RIA.

The relevant language from the RIA[1] is found under the heading "Damages" and is as

---

[1]An executed copy of the RIA was filed as Exhibit 1 to the Affidavit of Robert Schaefer which was docketed with Reynolds' response to SIS's Motion for a Preliminary Injunction (doc. #24).

follows:

> (a) NO CONSEQUENTIAL DAMAGES. EXCEPT FOR BREACH OF CONFIDENTIALITY AND/OR INTELLECTUAL PROPERTY INDEMNIFICATION, NO PARTY TO THIS AGREEMENT WILL HAVE LIABILITY TO THE OTHER PARTY OR ANY THIRD PARTY FOR SPECIAL, INCIDENTAL, INDIRECT, EXEMPLARY, AND CONSEQUENTIAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS, GOODWILL OR SAVINGS, DOWNTIME, DAMAGES TO OR REPLACEMENT OF INTERFACE AND DATA) ARISING FROM CLAIMS BASED IN WARRANTY, CONTRACT, TORT (INCLUDING NEGLIGENCE), STRICT TORT, OR OTHERWISE, EVEN IF THE PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH CLAIM OR DAMAGE.
>
> (b) DIRECT DAMAGES. WITH THE EXCEPTION OF BREACH OF CONFIDENTIALITY, WARRANTIES, INTELLECTUAL PROPERTY INDEMNIFICATION, PERSONAL INJURY OR REAL PROPERTY DAMAGES - EACH OF WHICH HAS NO LIMITATION, EACH PARTY'S LIABILITY FOR DIRECT DAMAGES TO THE OTHER PARTY WILL NOT EXCEED THE ACTUAL AMOUNT PAID BY DISTRIBUTOR TO REYNOLDS FOR THE INTERFACE.

SIS's first argument against dismissal is based upon its assertion that the damages provision at issue is a liquidated damages provision. In a liquidated damages provision, the parties to a contract agree on the amount of damages, ascertained by estimation and adjustment, and express this fixed amount in their contract in clear and unambiguous terms. *Lake Ridge Academy v. Carney*, 613 N.E.2d 183, 188 (Ohio 1993). Parties generally include a liquidated damages provision where damages would be uncertain as to the amount and would be difficult to prove. *Id.* Finally, a contractual limitation of liability to an agreed maximum amount of recovery is not a liquidated damages provision. *Motorists Mutual Insurance Co. v. ADT Security Systems*, Nos. 14799, 14803, 1995 WL 461316 at *4 (Ohio Ct. App. Aug. 4, 1995).

In this case, the damages provision at issue limits liability to an agreed maximum, the agreed maximum being the actual amount paid by SIS to Reynolds for the interface. Further, the

damages provision at issue contains no fixed amount of damages that the parties have agreed to in advance. The damages provision at issue limits the parties to recovering actual damages and limits the amount of actual damages that can be recovered to the actual amount paid by SIS to Reynolds for the interface. Thus, the damages provision at issue is not a liquidated damages provision.

Limiting language in a contract, like the damages provision at issue here, is to be enforced unless the language is unconscionable, in violation of public policy considerations or vague and ambiguous. *Hurst v. Enterprise Title Agency, Inc.*, 809 N.E.2d 689, 694 (Ohio Ct. App. 2004)(citing *Collins v. Click Camera & Video, Inc.*, 621 N.E.2d 1294 (Ohio Ct. App. 1993)). While SIS argues that the language at issue is a liquidated damages provision that is a penalty, they do not argue that the language at issue is unconscionable. *See Weiner v. American Cancer Society*, No. 80308, 2002 WL 1265575 at *7 (Ohio Ct. App. June 6, 2002)(noting that findings of unconscionability are rare in commercial settings where both parties are sophisticated corporations). Also, the language at issue does not violate public policy nor does SIS argue otherwise. Finally, the language at issue is not vague or ambiguous nor does SIS argue otherwise. Therefore, the damages provision at issue which limits each party's liability for direct damages is to be enforced unless there are other problems with enforcement.

SIS's other argument against dismissal is that the damages provision in the contract should not be enforced because Reynolds has engaged in an intentional breach of the RIA. Under Ohio law, a limitation-of-liability clause is ineffective where the party to the contract seeking protection has engaged in wilful or wanton misconduct. *Richard A. Berjian, D.O., Inc. v. Ohio Bell Telephone Co.*, 375 N.E.2d 410, 416 (Ohio 1978). A wilful or reckless breach is considered

to be an intentional breach and is, thus, wilful misconduct. *See Solid Gold Jewelers v. ADT Security Systems*, Inc., 600 F. Supp.2d 956, 959 n.2 (N.D. Ohio 2007).

SIS points to two paragraphs in its Complaint to show that it has pled intentional breach. At paragraph 26 of its Complaint, SIS alleges that Reynolds informed SIS that, effective September 21, 2009, it would remove, disable or otherwise interfere with the interfacing between SIS's integration software and Reynolds' DMS at various dealerships. However, this allegation can hardly be said to constitute a breach of the RIA when the RIA expired on September 20, 2009.

At paragraph 35, SIS alleges that, "[s]ince that turnabout, Reynolds also has already begun blocking or otherwise interfering with the interface between SIS's integration software and the DMS used by Reynolds' dealers. See email dated Aug. 6, 2009, from P. Battista of SIS to E. Thornhill of Reynolds, attached as Exhibit 1." Construing the Complaint in a light most favorable to SIS, it contains either direct or inferential allegations regarding an intentional breach of the RIA by Reynolds prior to expiration of the RIA. Thus, if SIS were to show an intentional breach, it may be able to show that the damages provision in the contract should not be enforced.

## CONCLUSION

The RIA language at issue is not a liquidated damages clause. Therefore, SIS's arguments regarding the enforceability of a liquidated damages clause are unavailing.

However, when viewed in a light most favorable to SIS, SIS's Complaint alleges an intentional breach of the RIA prior to it expiration. Therefore, SIS may be entitled to legal relief from the damages provision in the RIA.

Reynolds argues that Count III should be dismissed because the damages provision does not entitle SIS to any damages. However, if this limiting language is found to be ineffective, SIS may be entitled to damages. Thus, Reynold's Partial Motion To Dismiss Count III of SIS's Complaint for failure to state a claim upon which relief may be granted (doc. #17) must be OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio this 23rd day of November, 2009.

                                                  **s/Thomas M. Rose**
                                          THOMAS M. ROSE
                               UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record